UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 14-6738 PA (CWx) | Date | December 16, 2014 |
|---|---|---|---|
| Title | Jenny U. Garcia v. Concentra Health Services, Inc. et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Julieta Lozano | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  None            Attorneys Present for Defendants: None

**Proceedings:**         IN CHAMBERS—ORDER TO SHOW CAUSE

Jenny U. Garcia ("Plaintiff") filed this putative class action on behalf of herself and a class of similarly situated individuals. The Complaint, which asserts claims under state law, was filed on February 5, 2014 in the Los Angeles Superior Court. Defendant filed a Notice of Removal on August 28, 2014. Jurisdiction is based on diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The parties filed their Joint Report pursuant to Federal Rule of Civil Procedure 26(f) on December 1, 2014. In the Joint Report, Plaintiff asks the Court to set the deadline for the Motion for Class Certification 90 days from November 12, 2014.

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." "'Local rules are 'laws of the United States,'' and 'valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'" United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915, 927 (9th Cir. 2006) (internal quotations omitted) (quoting Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995)).

Assuming that Local Rule 23-3's 90-day requirement began running on August 28, 2014, the date the Notice of Removal was filed in this Court, the motion for class certification should have been filed no later than November 26, 2014. Plaintiff did not file a motion for class certification by that date. Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing why the class allegations should not be stricken for failure to timely file a motion for class certification. Plaintiff's response to the Order to Show Cause shall be filed by December 29, 2014.

IT IS SO ORDERED.