UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6738 PA (CWx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | Jenny U. Garcia v. Concentra Health Services, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Response filed by plaintiff Jenny U. Garcia ("Plaintiff") to the Court's December 16, 2014 order to show cause why the class allegations should not be stricken from the Complaint for failure to timely file a motion for class certification in compliance with Local Rule 23-3.

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." "Local rules are 'laws of the United States,'" and are "valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'" Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) (quoting United States v. Hvass, 355 U.S. 570, 575, 78 S. Ct. 501, 504, 2 L. Ed. 2d 496 (1958) and Fed. R. Civ. P. 83); see also United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915, 927 (9th Cir. 2006). As a class action, this action is governed by Local Rule 23-3.

Plaintiff filed this putative class action on behalf of herself and a class of similarly situated individuals. The Complaint, which asserts claims under state law, was filed on February 5, 2014 in the Los Angeles Superior Court. Defendant Concentra Health Services, Inc. ("Defendant") filed a Notice of Removal on March 28, 2014. The Notice of Removal alleged that jurisdiction was based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and diversity pursuant to 28 U.S.C. § 1332(a). Because the Notice of Removal alleged Plaintiff's residence rather than citizenship, the Court remanded the action for failing to adequately allege a basis for the Court's jurisdiction. After conducting discovery concerning Plaintiff's citizenship, Defendant filed a second Notice of Removal on August 28, 2014. Assuming that Local Rule 23-3's 90-day requirement began running on August 28, 2014, the motion for class certification should have been filed no later than November 26, 2014. Plaintiff did not file a motion for class certification by that date.

In her Response to the Court's order to show cause, Plaintiff contends good cause exists to vacate the 90-day deadline because of the complexity of the case and the amount of discovery needed to establish the class certification requirements of Federal Rule 23. Plaintiff also argues Local Rule 23-3 is inconsistent with Federal Rule 23, as amended, and is obsolete.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6738 PA (CWx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | Jenny U. Garcia v. Concentra Health Services, Inc., et al. | | |

Plaintiff's Complaint was filed on February 5, 2014 in Los Angeles Superior Court. Even though that court issued a stay of discovery on March 11, 2014, the stay was lifted on May 12, 2014, allowing the parties to engage in discovery. Plaintiff explains she served Defendant with pre-certification discovery on May 13, 2014, but "Defendant served nothing but objections" in response. (Resp. to OSC at 4.)

Defendant filed the second Notice of Removal on August 28, 2014, but Plaintiff had not started conducting discovery when she emailed Defendant on November 3, 2014 to discuss relief from Local Rule 23-3. In an email to Defendant's counsel, Plaintiff's counsel noted "we have not even begun conducting discovery and we anticipate discovery disputes with respect to class contact information, sampling, etc. . . ." (Resp. to OSC, Ex. 2.) Plaintiff does not explain why she failed to engage in any discovery more than two months after the case was removed to this Court. See e.g., Parker v. FedEx Nat. LTL, Inc., No. CV 11-638 DSF FFMX, 2011 WL 11671754, at *4 (C.D. Cal. Apr. 11, 2011) (concluding plaintiff did not show good cause for relief from Local Rule 23-3, in part because plaintiff was "unapologetic about his complete failure to engage in discovery until March 11—nearly two months after the case was transferred to this district."). The Court concludes Plaintiff has not shown good cause for her failure to file a motion for class certification within the time permitted by Local Rule 23-3.

Additionally, Plaintiff's argument that Local Rule 23-3 conflicts with Rule 23(c)(1) has no merit. The Ninth Circuit has upheld the enforcement of Local Rule 23–3. See Parker, 2011 WL 11671754, at *9 (citing Watson v. Schwarzenegger, 347 Fed. Appx. 282, 284–85 (9th Cir. 2009)). Rule 23(c)(1) provides that the court must determine by order whether to certify the action as a class action "at an early practicable time." Local Rule 23-3 provides for a 90-day period after the service of a pleading purporting to commence a class action for the class plaintiff to file a motion for class certification "unless otherwise ordered by the Court." By its terms, Local Rule 23-3 permits the district court to set a different deadline that is both "early" and "practicable" in a manner that is consistent with Rule 23(c)(1). Therefore, Plaintiff's argument that Local Rule 23–3 is inconsistent with Rule 23(c)(1) also fails. See Parker, 2011 WL 11671754, at *9.

Because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's Complaint. See Watson, 347 Fed. Appx. at 284-85 (affirming district court's enforcement of Local Rule 23-3); Main v. Elec. Data Sys. Corp., 168 F.R.D. 573, 577 (N.D. Tex. 1996) (striking class allegations for failing to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); see also Burkhalter v. Montgomery Ward & Co., 676 F.2d 291, 294 (8th Cir. 1982) (affirming district court's striking of class allegations because of plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); Reichman v. Bureau of Affirmative Action, 536 F. Supp. 1149, 1168-69 (M.D. Penn. 1982) (denying motion for class certification because plaintiff failed to comply with local rules' requirement that such motions be filed within ninety days of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6738 PA (CWx) | Date | January 22, 2015 |
|---|---|---|---|
| Title | Jenny U. Garcia v. Concentra Health Services, Inc., et al. | | |

filing of complaint); Coffin v. Sec'y of Health, Educ. & Welfare, 400 F. Supp. 953, (D.D.C. 1975) (same). Plaintiff's Request for Judicial Notice is denied.[1]

    IT IS SO ORDERED.

---

[1] Plaintiff's Request for Judicial Notice includes the Federal Judicial Center's 2005 publication, "Managing Class Action Litigation: A Pocket Guide for Judges" and the official annotations regarding the 2003 Amendments to Federal Rule of Civil Procedure 23(c)(1)(A). Because the Court does not rely on these documents in making its decision, the Request for Judicial Notice is denied.